LINN *v.* SCHMALL.

A *capias ad respondendum* with an indorsement that no bail is required, is substantially a summons.

Three counts in debt. Two of them on writings obligatory; the third " for interest for the forbearance of divers other large sums of money before that time and then due and owing from the defendant to the plaintiff, and by the plaintiff forborne to the defendant for divers long spaces of time before then elapsed, at defendant's request, whereby," &c. Judgment against the defendant by default. *Held,* that the amount due should be determined by a jury.

*Wednesday,
June 3.*

ERROR to the *Vanderburgh* Circuit Court.

BLACKFORD, J.—This was an action of debt brought by *Schmall.* The process was, in form, a *capias ad respondendum*, with an indorsement signed by the plaintiff's attorney, that no bail was required, and was returned "Executed by reading." The declaration contained three counts. . The first two were on writings obligatory, and the third "for interest for the forbearance of divers other large sums of money before that time and then due and owing from the defendant to the plaintiff, and by the plaintiff forborne to the defendant 'for divers long spaces of time before then elapsed, at defendant's request; whereby," &c. A motion was made by the defendant to quash the writ, but the motion was overruled. A judgment by default was rendered against the defendant. The Court determined the amount due without a jury, and gave final judgment for the plaintiff accordingly.

The first error assigned is the refusal of the Court to quash the writ. The objection made to the writ is, that it is a *capias ad respondendum* without an order for bail indorsed on it. The statute on the subject says: Sect. 1. Actions for the recovery of any debt or damages may be commenced by a *capias ad respondendum* or by a summons. Sect. 10. No writ of *capias ad respondendum* shall be delivered by any clerk to any officer to be executed, until the order of bail has been obtained and indorsed on the writ. Rev. Stat. 1843, pp. 671, 673. Previously to the statute just cited, it was the practice to commence civil suits by a *capias ad respondendum*, whether the defendant was to be arrested or to be merely summoned. If it was a case for bail, an indorsement was made on the writ that bail was required; and if it

May Term, 1846.

was not such a case, there was no such indorsement. We think the present statutory provision, relative to the issuing of a *capias ad respondendum*, has reference only to cases where an arrest is to be made. In the case before us, the indorsement on the writ showed that no arrest was to be made, and the writ was not, therefore, within the statute. The writ, with the indorsement, was substantially a summons. The motion to quash the writ was rightly overruled.

The second error assigned is that the Court assessed the damages. We think the assessment is erroneous. The third count does not contain such a statement of facts as would enable the Court to determine, by calculation, the amount due to the plaintiff; and the assessment therefore should have been made by a jury.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. Baker*, for the plaintiff.

*J. G. Jones*, for the defendant.